† LEDDEN, *Petitioner for Certiorari, versus* HANSON.

In the disclosure of a poor debtor before justices of the peace and quorum, no inquiries as to his property or his disposition of it, *prior* to the contraction of the debt on which he is disclosing, are pertinent or allowable; and for refusing such investigation *certiorari* to the justices will not lie.

Whether the facts stated by the debtor are true, and if so whether they are consistent with the oath prescribed by law for him to take, are matters entirely within the jurisdiction of the magistrates, and cannot be revised by this Court.

PETITION for the writ of *certiorari* to bring up the records of two justices of the peace and quorum.

The defendant was arrested on an execution of the plaintiff's and committed to jail. He then cited the plaintiff to attend at his disclosure.

At the time appointed he made a disclosure and was allowed to take the oath prescribed by law, and was discharged from imprisonment.

During the examination the petitioner's attorney propounded several questions to Hanson relating to his property, and his conveyance of it, and his intentions therein which he declined to answer, as they referred to matters which transpired before the debt to plaintiff was contracted. The creditor's attorney insisted upon an answer.

But the magistrates ruled, that the creditor should be restricted in his inquiries to the business transactions of the debtor made at the time and since the contraction of the debt upon which the debtor is imprisoned, and as to property owned by him at that time and since.

From some portion of the examination it had a tendency to show, that a fraud had been committed by the debtor in the transfer of his property, and that the grantee participated therein prior to plaintiff's debt.

The errors assigned in the petition appear in the opinion of the Court.

*Webster,* for defendant, cited *Hayward, Pet.*, 10 Pick. 358; *Gibbs, Pet.* v. *County Commissioners*, 19 Pick. 298; *Nightingale, Pet.*, 11 Pick. 168.

*Stewart,* for petitioner, cited *Little* v. *Cochrane,* 24 Maine, 509; *Pullen* v. *Hutchinson,* 25 Maine, 254; *Parkman* v. *Welch,* 19 Pick. 235; *Clark* v. *French,* 23 Maine, 238.

TENNEY, J. — The errors assigned in the petition are 1st, That in the disclosure and examination before the justices of the peace and quorum the creditor was restrained in his just rights in propounding interrogatories, under the statute, &c. 2. That the debtor was excused from answering interrogatories proposed, touching his ownership of property, prior to the time, when the debt, on which he was arrested, was contracted; — and 3, That upon the disclosure as made, he was improperly allowed to take the poor debtor's oath as prescribed in R. S., c. 148, § 28.

Several preliminary questions were presented by the respondents. One was, whether the Court have jurisdiction of the petition; and another was whether the magistrates, who administered the oath to the debtor are subject to the writ of *certiorari* to bring up their records, inasmuch as they are not required by statute to make records of their proceedings. These questions have been elaborately discussed by the respondent's counsel in argument, but we think it unnecessary to decide them, as we think there is no authority to grant the writ prayed for upon this petition, upon the hypothesis, that in a proper case, it may be granted to magistrates, who have examined a poor debtor, and permitted him to take the oath.

1. The assignment of the first error is very general, and is supposed to have been more specifically stated in those which follow.

2. The oath for poor debtors prescribed by the statutes of 1822, c. 219, § 15, of 1831, c. 520, § 4, of 1835, c. 195, § 10, and of 1836, c. 245, § 7, contains substantially the following, to wit, " That I have not since the commencement of this suit against me, or at any other time, directly or indirectly, sold, loaned, leased, or otherwise disposed of, or conveyed or entrusted, to any person or persons, whom-

soever, all or any part of the estate, real or personal, where-
of I have been possessed, or been the lawful owner with
any intent or design, to secure the same, or to receive, or
to expect any profit, gift, remuneration, or advantage there-
for personally, or that all or any of my family, heirs or
friends, should receive or expect any profit, advantage or
benefit therefrom, with an intent or design, that any of my
creditors should be defrauded." In the R. S., c. 148, § 28,
the form in reference to the disposition of his property is
changed, so that he is required to state, "That I have not,
since the commencement of this suit, or the time when the
debt, or cause of action, or any part thereof, on which this
suit was brought, was contracted by me, directly or indi-
rectly sold, loaned, leased or otherwise disposed of, or
conveyed or entrusted to any person," &c.

By § 20, of c. 148, the bond to be taken upon arrest or
imprisonment, is conditioned, that the debtor will within
six months thereafter, cite the creditor, &c., and submit
himself to examination, and take the oath prescribed in the
28th section, &c. The justices of the peace and quorum,
before whom he shall appear, according to the citation and
the provisions of the statute, shall examine the debtor,
under his oath, concerning his estate and effects, and the
disposal thereof, and his ability to pay the debt for which
he is committed, &c. By § 21, the creditor may propose
to the debtor any interrogatories pertinent to the inquiry,
which with the answers, if required by the creditor, shall be
in writing, and the answers are to be sworn to, after being
signed by the debtor. If, upon such examination, &c., the
justices of the peace and quorum shall be satisfied, that the
debtor's disclosure is true, and shall not discover any thing
thereby inconsistent' with his taking the oath, set forth in
the next section, they may proceed to administer the same
accordingly.

It is quite apparent from the foregoing citations from
R. S., c. 148, that the examination required, is designed
for the purpose of enabling the magistrates to determine,

whether the oath prescribed, can be permitted to be taken by the debtor; and also to secure to the creditor, by means of the arrest, imprisonment or bond, such a disclosure as will present the pecuniary condition of the debtor, and the history of the property, which he may have owned since the debt was contracted, and the disposal of the same so far as it may have been disposed of, and that of which he may still be the owner, and of which he may have the control. All that the debtor is required to do, is to satisfy the magistrates, that the disclosure he may make is true, and is not inconsistent with the form of oath prescribed, and he is entitled to the discharge of his body, and the condition of the bond is saved. The property, which he purchased, or owned, and the disposal of the same, before the origin of the debt, which was the cause of his arrest and imprisonment, whatever may have been his conduct, or intentions in reference thereto, is not made in any degree the test of his right to take the oath, and cannot be the subject of inquiry pertinent to the question before the justices of the peace and quorum.

It is true, if a person commits an actual fraud as against his creditors, in the disposal of his property, those becoming his creditors subsequently as well as those existing at the time, may take advantage of it, and the property, so fraudulently conveyed, may be made subject to their debts. But it appears, that the Legislature, in the Revised Statutes, did not intend to give magistrates, in proceedings, when there should be an attempt to take the poor debtor's oath before them, jurisdiction over such matters, so that they should possess the power to deprive a debtor of his liberty perpetually, (if he should be unable to pay,) on account of a fraud upon creditors, before he contracted the debt, on which he may make disclosure; or if he gave bond according to the statute to free himself from arrest or imprisonment, compel his sureties thereon to discharge the judgment and costs. The opinion of the Court, in the case of *Little* v. *Cochrane & al.*, 24 Maine, 509, treats the inquiry to be

made of the debtor in the disclosure as limited to transactions, which occurred at the time the debt was contracted and afterwards.

3. Whether the facts disclosed by the debtor in this case were true, and if so, whether they were consistent with the oath, were questions submitted by the statute entirely to the judgment of the magistrates, and their decision upon them cannot be revised by this Court. *Haywood, petitioner, &c.,* 10 Pick. 358.

*Writ denied, costs for the respondents.*